IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| AVARY LEIGH, *individually and on behalf of all similarly situated persons,* 2113 Brewton Street District Heights, MD 20747-2424 : : : : : **Plaintiff** : : v. : : **PEPSI BOTTLING GROUP, INC.** 850 Hampton Park Boulevard Capitol Heights, MD 20743 : : : : : Serve:  National Registered Agents, Inc. of Maryland 863 Park Avenue, 2nd Floor Baltimore, MD 21201 : : : : : **Defendant** : | Case No. _____ **JURY DEMAND** |

### COMPLAINT FOR VIOLATION
### OF THE FAIR LABOR STANDARDS ACT

COMES NOW the Plaintiff, Avary Leigh (hereinafter referred to as "Plaintiff" or "Mr. Leigh"), individually and on behalf of all similarly situated persons, by and through counsel, and hereby sets forth his Complaint for Violation of the Fair Labor Standards Act as follows:

### NATURE OF THE COMPLAINT

1.   Plaintiff brings this collective action against Defendant Pepsi Bottling Group, Inc. (hereinafter "the Defendant" or "Pepsi") for unpaid overtime compensation.

2.   Plaintiff alleges, that Defendant failed and refused to pay his straight time for all hours worked and failed and refused to pay his and all others similarly situated overtime pay for

overtime worked.

**3.** Defendants' practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiff seeks declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendants; straight time wages for all hours worked and not compensated; liquidated and/or his damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

**4.** Defendant's practice and policy is, and for the past three years has been, to willfully fail and refuse to pay overtime compensation due and owing to Plaintiff, and all similarly situated persons, in violation of the FLSA, and to willfully fail to compensate them for all hours worked while employed by Defendant.

**5.** Defendant has instituted and carried out an unlawful policy and practice of refusing to pay all such employees for all time worked and refusing to pay all such employees overtime for all hours worked in the work week over forty, notwithstanding that each hourly employee is entitled to overtime pay under the FLSA.

**6.** Currently and for the last three years, Defendant's employees have worked overtime hours without compensation.

## JURISDICTION AND VENUE

**7.** This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

**8.** This Court has personal jurisdiction over Defendant because it is doing business in Maryland and in this judicial District.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

A.   **Plaintiffs.**

*Named Plaintiff*

10.     Defendant employed Plaintiff Avary Leigh as a Vacation Relief – Sales Representative on or about September 15, 2008.

11.     Defendant terminated Mr. Leigh's employment on or about December 8, 2009.

12.     During his employment with Defendant, Plaintiff regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

13.     During the course of his employment Plaintiff regularly performed work "off-the-clock" after his shift and after he clocked out from his shift at the behest and direction of his supervisor.

14.     At all relevant times, Plaintiff was an employee of Defendant for FLSA purposes.

15.     At all relevant times, Plaintiff resided in the Western District of Maryland.

B.   **Defendant.**

16.     Upon information and belief Defendant Pepsi Bottling Group, Inc. is a corporation incorporated in the State of Delaware.

17.     Defendant's principal place of business is 99 Park Avenue, 25th floor New York, New York.

18. Defendant maintains an office in Maryland located at 850 Hampton Park Boulevard, Capital Heights Maryland.

19. Defendant is registered to do business in the State of Maryland and its Registered Agent to receive service of process in Maryland is National Registered Agents, Inc. of Maryland located at 836 Park Avenue, Second Floor, and Baltimore, Maryland 21201.

20. Upon information and belief, at all relevant times, Defendant employs or employed the Plaintiff, and all similarly situated persons, for FLSA purposes.

## FACTUAL BACKGROUND

21. Plaintiff worked for Defendant as a Vacation Relief – Sales Representative.

22. Plaintiff's duties included relief of other sales representatives when they were sick or on vacation. Plaintiff would travel the absent sales representative's routes to take orders, stock shelves, create displays, and perform other tasks as needed.

23. Defendant did not pay Plaintiff any sales commissions.

24. All of Plaintiff's work was done to support sales made by the regular absent sales representative.

25. Defendant failed and refused to pay its Vacation Relief-Sales Representatives straight time for all time worked and overtime compensation for all hours worked in the week over forty.

26. For instance, Defendant paid Plaintiff as a Vacation Relief - Sales Representative a salary for forty (40) hours of work each week.

27. When Plaintiff worked more than 40 hours in a workweek Defendant failed to pay him and other similarly situated employees time and one half overtime premium as required by

the Fair Labor Standards Act.

28.   Frequently, Plaintiff's supervisor required him to work "off the clock" for no compensation after his shift.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

29.   Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 28 here as if actually set forth herein.

30.   Upon information and belief, at all relevant times, Defendants have been, and continue to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

31.   Upon information and belief, at all relevant times, Defendants have employed and/or continue to employ "employee[s]," including Plaintiff.

32.   Upon information and belief, at all relevant times, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

33.   Plaintiff as a Vacation Relief – Sales Representative was not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA.

34.   Plaintiff was entitled to be paid compensation for all hours worked and he was entitled to be paid overtime compensation for all overtime hours worked.

35.   As a result of Defendant's failure to compensate Plaintiff for all hours worked and to compensate him at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated persons who were, are, or will be employed by Defendant within three years from the commencement of this action who have not been compensated for all hours worked and/or who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

38. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff Avary Leigh, the Representative Plaintiff, because the claims of Avary Leigh are similar to the claims of the putative plaintiffs of the representative action.

39. Plaintiff is similarly situated to the putative Plaintiffs working as Vacation Relief – Sales Representatives for Defendant, in that he has substantially similar job requirements and pay provisions, and was subject to Defendant's common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

40. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for relief as follows:

1. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to 29 U.S.C. § 216(b);

2. Designation of Plaintiff Avary Leigh as Representative Plaintiff of the putative members of the FLSA representative action;

3. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4. An award of damages, including liquidated damages, to be paid by Defendants;

5. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

6. Pre-Judgment and Post-Judgment interest, as provided by law; and

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the proposed representative action have a right to jury trial.

Dated:  January 27, 2010               Respectfully submitted,

_/s/ John C. Fredrickson_
John C. Fredrickson, Esquire
Federal Bar No. 02566
O'Malley, Miles, Nylen & Gilmore, P.A.
11785 Beltsville Drive, 10th Floor
Calverton, Maryland  20705
Phone:  301-572-1935
Fax:  301-572-6655
Email:  jfredrickson@omng.com

Of counsel:

Alan G. Crone, Esquire
CRONE & MASON, PLC
Clark Tower
5100 Poplar Avenue, Suite 3200
Memphis, Tennessee  38137
800-403-7868 (voice)
901-683-1850 (voice)
901-683-1963 (fax)
Email:  acrone@cronemason.com

F:\Clients\L\Leigh, Avary\complaint (leigh v pepsi, us dist, 01-14-10).doc