:

AVARY LEIGH, et al.

:

   v.                        :    Civil Action No. DKC 10-0218

:

BOTTLING GROUP, LLC

:

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this purported collective action under the Fair Labor Standards Act is an unopposed motion filed by Plaintiffs Avary Leigh and Leonard W. Smith, III, for approval of a collective action settlement. (ECF No. 19). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied without prejudice.

## I. Background

On January 27, 2010, Plaintiff Avary Leigh, on behalf of himself and similarly situated others, filed a complaint against Defendant Bottling Group, LLC, seeking unpaid regular and overtime wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq*. (ECF No. 1).[1]

---

[1] The defendant was incorrectly named in the complaint as Pepsi Bottling Group, Inc. The parties subsequently stipulated that Bottling Group, LLC, is the proper name. (ECF No. 15).

The complaint alleged that Mr. Leigh was employed by Defendant as a Relief Pre-Sell Representative from approximately September 15, 2008, to December 8, 2009; that he regularly worked in excess of forty hours per week without receiving overtime compensation; and that he was frequently required to work "off the clock," after his regular shifts had ended, without compensation. (*Id*. at ¶¶ 10-13). The complaint further stated that Mr. Leigh is similarly situated to other Relief Pre-Sell Representatives who "were, are, or will be employed by Defendant within three years from the commencement of this action" and were not, or are not being, compensated for all hours worked and/or at the overtime rate for hours worked in excess of forty per week. (*Id*. at ¶ 37).

On March 19, 2010, Defendant answered the complaint, denying all material allegations and asserting a number of affirmative defenses, including that Mr. Leigh and all other Relief Pre-Sell Representatives were exempt employees. (ECF No. 7). On March 30, a notice of consent to join the suit was filed by Leonard W. Smith, III. (ECF No. 12). He was added as a named plaintiff on the same date.

On April 28, 2010, the parties filed a stipulation and agreement indicating that they were "discussing resolution of this matter" and had agreed to toll the statute of limitations "with respect to the claims of any opt-in member . . . from

April 1, 2010 until 30 days after either party gives notice in writing that this tolling period is terminated." (ECF No. 18, at 1, 2). On July 20, Plaintiffs filed an unopposed motion to approve settlement of FLSA claims (ECF No. 19), and separately filed a memorandum in support, with attachments, including a fully executed stipulation and settlement agreement (ECF No. 20).

At a subsequent unrecorded telephone conference, the parties were requested to address two aspects of their stipulation and agreement: (1) the propriety of the proposed settlement procedure, whereby the court was asked to approve a settlement as to both the named and putative plaintiffs prior to certification of the case as a collective action and, indeed, prior to any notice being provided to potential opt-in plaintiffs, and (2) whether approval of an award of attorneys' fees and costs in an amount equivalent to one-third of the maximum potential value of the proposed settlement fund would be justified, particularly prior to the time any putative plaintiff has opted-in to the suit.

On September 13, 2010, the parties jointly filed a revised stipulation and settlement agreement (ECF No. 25), and Plaintiffs separately filed a supporting memorandum with attached exhibits (ECF No. 26).

## II.  Analysis

### A.    Settlement of Collective Action

Plaintiffs bring this action under 29 U.S.C. § 216 as a "collective action."  As the Fourth Circuit recently explained:

> 29 U.S.C. § 216(b) provides that an FLSA action for overtime compensation "may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." [29 U.S.C. § 216(b)]. However, unlike in a class action filed pursuant to Federal Rule of Civil Procedure 23 or a comparable state court rule, in a collective action under the FLSA, a named plaintiff represents only himself until a similarly-situated employee opts in as a "party plaintiff" by giving "his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id. See Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 919 (5th Cir. 2008) ("[U]nlike in a Rule 23 class action, in a FLSA collective action the plaintiff represents only him - or herself until similarly-situated employees opt in.").

*Simmons v. United Mortgage and Loan Investment, LLC*, --- F.3d ----, 2011 WL 184356, at *2 (4th Cir. 2011).  This means that, if the named plaintiffs settle their claims, the action may be rendered moot.  For example, in *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003), the court found that a named plaintiff no longer had any interest in representing potential opt-in plaintiffs once the named plaintiff's claim was settled voluntarily:

Considering the "fundamental, irreconcilable difference" between § 216(b) and Rule 23, see *LaChapelle* [*v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)], we conclude that a § 216(b) plaintiff, like Basil, presents only a claim on the merits. In contrast to the Rule 23 plaintiff, a § 216(b) plaintiff has no claim that he is entitled to represent other plaintiffs. Accordingly, because Plaintiff Basil has no remaining personal claims, this action is moot.

Here, the parties ask the court to approve the settlement, certify the class of putative plaintiffs, and facilitate notice to the class members of their rights to opt-in to the settlement at the same time. During a prior telephone conference, the court cited an unpublished opinion issued by the United States District Court for the Middle District of Florida, *Perez v. Avatar Properties, Inc.*, No. 6:07-cv-792-Orl-28DAB, 2008 WL 4853642 (M.D.Fla. Nov. 6, 2008), which raised two issues with respect to a virtually identical settlement procedure. First, the *Perez* court noted that once the named plaintiff settled, the case was rendered moot:

> [I]f the settlement is valid, the Court has no jurisdiction to proceed. *See Mackenzie v. Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1221 (M.D.Fla. 2003) (denying a motion to facilitate notice filed after a defendant served offer of judgment for lack of an evidentiary basis and "there is only one plaintiff and, as to him, the case is moot."). This is so even though the parties have stipulated to allow the action to proceed collectively and to give notice to other would be opt-in Plaintiffs. *Sosna v.*

> *Iowa*, 419 U.S. 393, 95 S.Ct. 553, 556-57, 42
> L.Ed.2d 532 (1975) ("Where the parties may
> be permitted to waive nonjurisdictional
> defects, they may not by stipulation invoke
> the judicial power of the United States in
> litigation which does not present an actual
> 'case or controversy'" (internal citation
> omitted)); *see also* [*Lusardi v. Xerox Corp.*,
> 975 F.2d 964, 974 (3rd Cir. 1992)] (holding
> that district court lacked subject matter
> jurisdiction over motion for class
> certification made in an age discrimination
> case after putative class representatives
> settled individual claims); *Louisdor v.
> American Telecommunications, Inc.*, 540
> F.Supp.2d 368 (E.D.N.Y. 2008) (offer of
> judgment moots FLSA action).

*Perez*, 2008 WL 4853642, at *2. The court also found that the

plaintiff had no authority to settle claims for the putative

plaintiffs who had not yet been given notice of their opt-in

rights:

> The remedies offered by the FLSA are
> not like other causes of action, and a
> collective action is markedly distinct from
> a Rule 23 class action, in both procedure
> and principle. There is no doubt that the
> opt-in/opt-out distinction represents "a
> fundamental, irreconcilable difference
> between the class action described by Rule
> 23 and that provided for by [the] FLSA."
> *Schmidt v. Fuller Brush Co.*, 527 F.2d 532,
> 536 (8th Cir. 1975). While both actions
> involve a plaintiff proceeding in a
> representative capacity, under § 216(b),
> even if a plaintiff can demonstrate that
> other potential plaintiffs are "similarly
> situated" employees, the plaintiff has no
> independent right to represent such
> individuals. *See, e.g., Cameron-Grant v.
> Maxim Healthcare Serv., Inc.*, 347 F.3d 1240,
> 1249 (11th Cir. 2003). Instead, the
> potential plaintiffs must file with the

>district court written consent to become a
>party plaintiff. 29 U.S.C. § 216(b). Unlike
>most Rule 23 class actions, a § 216(b)
>action does not become a collective action
>unless another plaintiff affirmatively
>chooses to opt into the class. *See Cameron-
>Grant*, 347 F.3d at 1249. "[I]n contrast, to
>Rule 23 class actions, the existence of a
>collective action under § 216(b) does depend
>on the active participation of other
>plaintiffs." *Id*. Approving a global
>settlement with just the involvement of one
>plaintiff and then giving notice and an
>opportunity to opt in to an already settled
>matter, undercuts this critical distinction
>and the reasons justifying the distinction
>in the first place. Simply put: because
>Plaintiff has no independent right to
>represent others that have yet to appear,
>Plaintiff has no authority to settle their
>as yet unasserted claims.

*Perez*, 2008 WL 4853642, at *3.

In the revised memorandum in support of Plaintiffs' motion
for approval of settlement, Plaintiffs' counsel has provided
examples of several cases in other district that have been
settled, pre-certification, in the manner proposed by the
parties here, and argues that, "[t]o the extent the *Perez* case
stands for the proposition that named plaintiffs are unable to
settle FLSA collective action cases 'pre-notice' pursuant to §
216(b) of the FLSA[,] it is wrongly decided." (ECF No. 26, at
10). Counsel has done nothing to explain this conclusory
assertion, however, as he argues merely that *Perez* "cites to no
provision of the FLSA which would prevent the parties to a
potential FLSA collective action to reach a settlement, send

notice of the settlement to putative collective action members to evaluate the settlement, and opt-in and consent to be bound by the settlement," and then touts the numerous practical advantages of permitting settlements prior to certification. (*Id*. at 10-11).

Although *Perez* is unpublished, it cites to *Cameron-Grant*, which is also cited in *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 917 (5th Cir. 2008), a case referenced by the Fourth Circuit in *Simmons*.  The reasoning of these cases is persuasive.

While it may be true that at least some courts have permitted settlements to proceed in a manner similar to that proposed by the parties here, there is no indication that those courts have considered the fundamental issues identified in *Cameron-Grant* and *Perez*.[2]

In *Perez*, 2008 WL 4853642, at *2, the court explained that prior to class certification, "the parties ha[ve] three options: 1) submit the settlement for approval as to the named Plaintiff only, 2) abandon the settlement and continue to litigate the merits as to the named Plaintiff only[,] or 3) abandon the settlement and proceed collectively, as a contested collective

---

[2] In one of the three cases cited by Plaintiffs' counsel, *Lorek, et al. v. Arc Bridges, Inc.*, No. 2:08-CV-0167 (N.D.Ind.), a court-approved notice was issued to potential opt-in plaintiffs (ECF No. 49) and a large number of plaintiffs opted-in (ECF Nos. 50-77) before the settlement agreement was executed (ECF No. 84) or approved (ECF No. 88).  Thus, that case does not support Plaintiffs' position.

action." In *Su v. Electronic Arts, Inc.*, No. 6:05-cv-131-Orl-28JGG, 2006 WL 4792780 (M.D.Fla. Aug. 29, 2006), however, the same court adopted an alternative approach.[3] In that case, as here, the named plaintiff reached an agreement with the defendant to settle and sought court approval of the agreement and facilitation of notice to putative plaintiffs of their rights to opt-in to the settlement. The court denied the aspect of the motion that sought preliminary approval of the settlement, reasoning that it would "not evaluate the fairness of the settlement until all Plaintiffs have appeared in the action, and have had an opportunity to object to the terms of the settlement." *Su*, No. 6:05-cv-131-Orl-28JGG, Dkt No. 50, at ¶ 9 (M.D.Fla. Apr. 12, 2006). Nevertheless, the court approved the form and content of a notice to be sent to putative plaintiffs advising them of their right to opt-in to the settlement, confirmed the appointment of a claims administrator, and established a procedure whereby putative plaintiffs could object to the settlement. A hearing was scheduled at which the court would consider the fairness of the settlement and, if it found that it was fair, give final approval. *See also Santiago*

---

[3] This opinion made reference to a prior order in which the court "authorized notification procedures, ordered Su's counsel to file an amended complaint on behalf of all plaintiffs who chose to join the case, and set a hearing on final approval of the FLSA settlement. . . ." *Su*, 2006 WL 4792780, at *1 (citing Dkt. Nos. 50 & 51). The order addressing the proposed pre-certification settlement was Docket No. 50.

*v. Walpole, Inc.*, No. 6:07-cv-57-Orl-28JGG, 2008 WL 4822894, at
*7 (M.D.Fla. Nov. 5, 2008) (same court referring to this process
as granting "*preliminary* approval of the settlement," which
"does not eliminate the live controversy of the case as the
Plaintiffs' rights and relief are still in question" (emphasis
in original)); *see also Murillo v. Pacific Gas & Elec. Co.*, 266
F.R.D. 468, 479 (E.D.Cal. 2010) (requiring preliminary
determination of adequacy of settlement).

To the extent that the parties wish to proceed with
settlement of the collective action, a similar procedure should
be employed here.  Accordingly, the court will decline to
approve the proposed settlement, but will permit the parties to
amend and re-file their motion and supporting documents,
requesting conditional certification of the collective class and
facilitation of notice of the proposed settlement to putative
class members.  The notice proposed by the parties is
insufficient in its present form and must be amended and re-
submitted concomitantly with the amended motion, if the parties
choose to pursue settlement of the collective action.  It must
be revised to be consistent with this opinion and reflect that a
decision as to whether the court will finally approve the
settlement will be made at a hearing, which will take place at a
given date and time after all plaintiffs have had the
opportunity to opt-in and submit any written objections to

approval.  The notice must also advise the putative plaintiffs

of the manner in which individual settlement awards will be

determined, the proposed incentive fee to Mr. Leigh, the

proposed attorneys' fee amount, and the amount to be paid to the

claims administrator, thereby permitting the putative plaintiffs

to assess the fairness of the settlement.

At the hearing, opt-in plaintiffs would be permitted to

voice any objection to the proposed settlement by either

appearing in person or by submitting written objections in

advance.  Moreover, any plaintiff who opts-in to the suit would

– by either submitting written materials to the court in advance

of the hearing date or personally appearing at the hearing – be

permitted to withdraw from the case and not be bound by the

settlement agreement.  *See Lomascolo v. Parsons Brinckerhoff,*

*Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *9 (E.D.Va.

Sept. 28, 2009) (permitting withdrawal after opt-in and

agreement to settlement terms prior to court approval); *see also*

*Adams v. School Board of Hanover County*, No. 3:05CV310, 2008 WL

5070454, at *17 (E.D.Va. Nov. 26, 2008) (discussing cases

permitting withdrawal).  If the court were to find the

settlement unfair, it would be rendered null and void and the

parties would revert to their status prior to conditional

certification.  If the settlement were found to be fair, it

would be approved, the claims administrator would be directed to distribute payment, and the case would be closed.

**B. Attorneys' Fees**

Should the parties elect to pursue settlement of the collective action in the method outlined above, the court would assess the fairness of the attorneys' fee award at the hearing. Indeed, without knowing the size of the collective class – or whether there will even be a class – any request for approval at this juncture is premature. A word of caution to Plaintiffs' counsel is nevertheless in order. As the court stated in *Murillo*, 266 F.R.D. at 480:

> While the amount of fees the plaintiff will request and the total settlement amount is unknown until the size of the class is determined, there is a potential for plaintiff to request an amount of fees that is disproportionate to the amount of work done on the case and the total amount paid to the settlement class. The court will preliminarily approve the settlement agreement because the [fees] amount is yet to be determined and could be less than 25 percent of the common fund. . . . However, plaintiff is cautioned that the attorneys' fees and enhancement award request should be reasonable in light of the circumstances of the case and demonstrate the circumstances necessitating the fee award. In the event plaintiff's request is unreasonable or disproportionate in light of the common fund, the court would then be forced to deny final approval of this settlement. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 667-68 (E.D.Cal. 2008).

Here, Plaintiffs' counsel is requesting approximately one-third of the amount of the maximum possible value of the settlement fund, apparently without regard to the size of the collective class or the actual work performed on its behalf. While it remains to be seen whether a percentage of the fund award, rather than a lodestar amount, is appropriate in this case, the amount requested would clearly be subject to a reasonableness standard and Plaintiffs' counsel should appear at any settlement hearing prepared to demonstrate how the amount he requests is appropriate under that standard.

## III. Conclusion

For the foregoing reasons, Plaintiffs' unopposed motion for approval of settlement will be denied without prejudice. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge