## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| **AVARY LEIGH,** *individually and on* *behalf of all similarly situated persons,* | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Case No. 8:10-cv-00218-DKC** |
| **v.** | : | |
| | : | **JURY DEMAND** |
| **BOTTLING GROUP, LLC** | : | |
| | : | |
| **Defendant** | : | |
| | : | |
| | : | |
| | : | |

---

### Fourth Declaration of Alan G. Crone, Esq.

---

I, the undersigned, make the following certification upon personal knowledge and under no threat, duress or coercion:

1.      I am member of the Memphis, Tennessee law firm of CRONE & MCEVOY, PLC.  I am requesting via Plaintiff's Unopposed Motion to Approve Settlement appointment as lead counsel in the above referenced case.

2.      During the course of this litigation I have belonged to three different law firms. When Mr. Leigh first approached me I was a principal and member of the firm of Crone & Mason, PLC.  From April 1, 2010 to April 30, 2011 I was a principal and member of the Kramer + Crone, PLC law firm.  On May 1, 2011 I joined Crone & McEvoy, PLC as a principal member and I have been such to the present.  All three firms were/are located in Memphis, Shelby County, Tennessee.

1

EXHIBIT

J

P's Revised 2nd Supp. Mem

3.      I was licensed to practice law in November of 1990 in Tennessee.

4.      I am licensed to practice law in both Tennessee and Arkansas and I am currently in good standing with the highest court of both of those states. In addition, I have been admitted to practice before the U.S. District Court for the Western District of Tennessee, the U.S. District Courts for the Eastern and Western Districts of Arkansas, the U. S. Multi-District Litigation Panel, the U.S. Court of Appeals for the Second, Sixth and Eighth Circuits, and the U.S. Supreme Court.

5.      In my practice, I have both prosecuted and defended FLSA collective actions, class actions, mass joinder, and complex litigation. I was lead counsel in a case for the class of Plaintiffs in In re Prime Succession, Inc. FLSA Class Action Litigation, docket number 99-2278 D/Bre, in the Western District of Tennessee which was successfully resolved in December 1999. I have served as lead counsel for a group of Defendants in successfully defeating class certification in the case of Cox v. AA Check Cashers, Inc., et al., docket number 00-2030 in State Court in Fort Smith, Arkansas.  I was lead counsel for the Defendant in the class action case of Spencer v. Cash In A Flash Check Advance of Arkansas, LLC in state court in Jonesboro, Arkansas, which was settled.  I was lead counsel for a group of Plaintiffs in the cases of Graham, et al. v. Bank of Mississippi, et al. and Crone, et al. v. Recomm Operations, Inc., et al., in the United States Bankruptcy Court for the Middle District of Florida, which were joined through the Judicial Panel on Multi-district Litigation in the case of In re Recomm Contract Litigation, and I served on the Plaintiffs' Steering Committee in a leadership capacity.  I was lead counsel for a group of Plaintiffs in the putative class action of Matthews, et al. v. Senior Care Plus, et al., docket number 00-2141 G A in the U.S. District Court for the Western District of Tennessee. In that case, Judge Gibbons found that I was suitable to serve as lead counsel in

that putative class action. I was lead counsel in a case for the class of Plaintiffs in <u>Robert Harvey,</u> <u>et al. v. Luby's, Inc.</u>, et al., docket number 01-2621 MI/A in the U.S. District Court for the Western District of Tennessee, which was resolved.  I was lead counsel in a case for the class of Plaintiffs in <u>Nancy Hammond, et al. v. Lowe's Home Centers, Inc.</u>, docket number 02-2509 in the U.S. District Court for the District of Kansas, which was successfully resolved. I was lead counsel in a case for the class of Plaintiffs in <u>Martin Lamb, et al. v. Sprint United Management</u> <u>Company</u>, docket number 05-2023 in the U.S. District Court for the District of Kansas, which was successfully resolved. Additionally, I am currently acting as lead counsel for the Plaintiffs in the following FLSA collective action cases: <u>James Allen Frye, et al. v. Baptist Memorial</u> <u>Hospital – Memphis</u>, docket number 07-2708 in the U.S. District Court for the Western District of Tennessee; and <u>Greg Kuebel v. Black & Decker (U.S.) Inc.</u>, docket number 08-6020 in the U.S. District Court, Western District of New York, Rochester Division.

      6.      John C. Fredrickson, Esquire, a shareholder in the law firm of OMNG, he is a member of the bars of Maryland and the United States District Court for the District of Maryland.  Mr. Fredrickson has over 25 years of litigation experience, has represented clients in a wide variety of legal matters and cases before the United States District Court for the District of Maryland and in all levels of the trial and appellate courts in the State of Maryland.  Mr. Fredrickson served as local counsel in the instant case.  Mr. Fredrickson's Affidavit in Support of Plaintiffs' Revised Second Supplemental Memorandum in Support of Plaintiffs' Supplemental Motion to Approve Settlement is attached hereto as Exhibit C and adopted herein by reference.

      7.      Kenneth E. Barnes, Esq. is an associate in my law firm.   Mr. Barnes has significant experience in Fair Labor Standards Act cases having assisted me in prosecuting and defending them for the past three years.  Mr. Barnes was licensed to practice law in April of

2008.  Mr. Barnes attened the University of Memphis Law School.  In addition to his experience in assisting me with FLSA cases Mr. Barnes is also admitted to practice Mr. Barnes worked primarily on the initial research and drafting of the complaint and in the limited motion practice before the settlement.  He drafted the Motion for Conditional Certification which although we arrived at the settlement prior to filing it that effort contributed to the settlement in form and substance.  Mr. Barnes rate is $250.00 per hour.  Although this rate is higher than the rates outlined in D.Md. Rules Appx. B 3d. it is justified.  This rate is the rate normally charged by my firm for his services to our fee paying clients, it is reasonable and customary rate for an attorney of his experience and skill level in Memphis, Shelby County, Tennessee.

8.      James J. Webb, Jr. Esq. is a long time colleague of mine.  He was my associate attorney in the law firm of Crone & Mason, PLC.  At the present time Mr. Webb is a "free lance" attorney who works with me and other attorneys on a project basis.  Mr. Webb has much experience with FLSA cases due to our association and he has assisted me in many such cases over the last ten (10) plus years.  Mr. Webb was licensed to practice law in the spring of 1996.  Mr. Webb worked primarily on the Motion to Approve the Settlement and helping me to prepare for the hearing to approve the settlement.  Mr. Webb's hourly rate is $250.00 an hour and is within the range of hourly fees for an attorney with 15 years of experience as set forth in D.Md. Rules Appx. B 3.d.

9.      Maggie A. Crone works for my law firm as an investigator and case manager.  She is primarily responsible for updating clients on the progress of their case, interfacing with clients and witnesses to obtain information and evidence for use in cases, she updates and manages the filing and deadlines in all cases.  A large percentage of her work at my firm is

4

dedicated to investigating and managing FLSA collective actions.   She has worked in this capacity for over four (4) years.

10.     The attached summary of time billing records in this case is true and accurate to the best of my knowledge.   The total amount contained therein is greater than the amount contained in my last reporting because my time and billing records during my tenure at Crone & Mason, (October 2010 through March 2011) were inadvertently left out of the last report.  I have also included time, expenses, and services billed since I drafted my Third Declaration.

11.     The billing rates quoted in the application are customary and reasonable in the Memphis, Tennessee area.   They are my firm's standard rates which are charged to our clients who pay us on an hourly rate basis.

12.     The Plaintiff's legal team devoted substantial time and attention to the case as warranted.  One of my duties as lead counsel was to oversee the activities of all professionals in the case to make sure they worked as a team dividing the tasks to be undertaken with an eye towards timely delivery of service and efficiency.  All billing entries were memorialized contemporaneously as they were performed and with the exercise of reasonable billing judgment.

13.     In my opinion we were able to successfully settle this matter without higher hours because of the skill and efficiency of counsel thus the settlement reached was extremely beneficial to the putative class.

14.     FLSA cases are all novel.  The case law interpreting the statute and accompanying regulations is sparse.  In this case the outside sales exemption at issue would have been hotly litigated by both sides.  At the outset significant legal research was required to determine whether the plaintiff bore a viable claim.  Due to the experience and sophistication of counsel on both sides the parties were able to resolve these novel issues of liability and damage calculation

resulting in the settlement now before the Court.

15.    I have been involved in FLSA collective actions for the past ten years, and I concentrate a large percentage at any given time to FLSA actions.  I have been involved in a large number of FLSA settlements, including multi-million dollar settlements with large corporate entities.  My experience and knowledge in this area facilitated settlement attempts and enabled a discussion of the issues which resulted in an eventual compromise between the parties. The early settlement is a result of the efficiency of counsel in this matter.

16.    Of course, any firm or group of lawyers' capacity to purse cases is finite.  Any case accepted does preclude the lawyer from accepting some amount of additional cases.  This case is no different, however there is nothing so unusual about this case that it displaced more than its share of work for me and my firm.

17.    The hourly rates charged by the billing professionals of Plaintiff's team:

| Team Member | Length of Practice | Hourly Rate |
|---|---|---|
| Alan G. Crone, Esq. (AGC) | 20+ years | $350.00 |
| John Fredrickson, Esq. (J F) | 20+ years | $350.00 |
| Kenneth E. Barnes, Esq.(KB/KEB) | 3+ years | $250.00 |
| James J. Webb, Esq. (JJW) | 10+ years | $250.00 |
| Maggie A. Crone (MAC) | 4+ years | $150.00 |

These rates are consistent with the accepted rates identified in D.Md. Rule Appx B 3d. of the Local Rules of this Court with the exception of Mr. Barnes' rates and Maggie A. Crone's rate. Their rate exceeds those on the Appendix for support staff, but those rates are consistent with the prevailing rates in Memphis, Shelby County, Tennessee and are their normal and usual rate for billing hourly rate clients of my firm.  All of these rates charged are our customary fees for

FLSA matters and fees for our other fee paying clients and are customary for like work in the Memphis, Tennessee area.

18.    I and Mr. Fredrickson took this case as a contingency fee. We therefore bore the risk that we might not recover anything for this case. This fee is significantly less than we anticipated when this case began.

19.    No unusual time limitations were present in this case.

20.    The total settlement fund in this case is Six Hundred Twenty-Five Thousand and Sixty-Six Dollars ($625,066.00). The results obtained for the plaintiff class was excellent, with opt-in plaintiffs receiving damages for longer than the applicable statute of limitations. Furthermore, Defendant altered its business practices as a direct result of this litigation. Finally, there was approximately a 34% opt-in rate in this settlement, which is higher than normal.

21.    This type of case is not desirable to every lawyer in general or to every "labor and employment" plaintiffs' attorney specifically. The FLSA is complex and its procedure for collective actions can be esoteric. I am one of the few (although increasing) employment law attorneys who has significant experience handling such cases.

22.    Counsel's relationship with Plaintiff began with the representation in the instant action, with counsel accepting Plaintiff's case on a contingency basis.

23.    Counsel has received similar attorneys' fees awards based on a percentage of recovery and within these guidelines before. Some are referenced above.

24.    We were very efficient in the use of our time, no duplication of effort is present, and all counsel used reasonable billing discretion when recording their hours. Counsel have divided and reported their billing based on the format contained in Appendix B of the Local Rules. This report is attached to this Declaration as Exhibit A. Some of the categories do not

apply due to the progress of this particular case. The categories which do apply and which are represented in the Summary are: 1. Case Development, Background Investigation & Case Administration; 2. Pleadings; 3. Discovery; 4. Motions Practice; 5. Attending Court Hearings; 6. ADR-Settlement Efforts; and, 7. Fee Petition Preparation.

1. Case Development, background investigation, and case administration.

25.     Prior to filing the Complaint, Counsel researched the law and facts to determine that Mr. Leigh's claims were valid and that it was appropriate to pursue the case in court and as a collective action. The legal issues involved are unique and Kenneth E. Barnes, Esq. did an excellent job of developing the legal theories which would govern Plaintiff's legal strategy. Mr. Barnes and I then used the fruits of Mr. Barnes' legal research as a touchstone during all subsequent phases of the case.

26.     After filing the Complaint counsel continued to conduct factual investigations as new witnesses and opt-ins surfaced. Counsel also devoted time to maintain good communication with Plaintiff and local counsel to facilitate filing of the case, to keep them appraised of developments and other logistical issues.

2. Pleadings.

27.     Counsel devoted reasonable and necessary time to drafting and reviewing pleadings filed on behalf of both parties.

3. Discovery.

28.     The parties did not conduct much formal discovery in this case because they began to discuss settlement at such an early stage. Prior to settlement discussions Plaintiff's counsel prepared initial disclosures which required detailed calculation of Plaintiff's overtime damages. These calculations required communication with Plaintiff about his time spent

working for each week he claimed overtime compensation. Counsel also negotiated a
Scheduling Order and Discovery Plan with defense counsel. Counsel also began to draft written
discovery requests which were never propounded. Even though such written discovery
responses were never propounded and some other motions detailed later in this presentation were
never filed, Counsel did not know about the pending settlement negotiations at that time or was
not satisfied of such negotiations success. Preparations for full blown discovery were in fact
necessary at that time and part of the success of any settlement negotiation is for Plaintiff's
Counsel to communicate to the defense at all times that it is prepared to proceed and that it is not
relying on settlement.

4.   Motions Practice.

29.     Counsel prepared a Motion for Conditional Certification and Notice and Motions
attendant with the settlement of this case. Again, although Plaintiff never filed his Motion for
Conditional Certification and Notice the drafting and preparation of such motion was invaluable
in forming the settlement strategy and the value of the case. The legal research and factual
investigations helped counsel to evaluate the factual representations made by the defense before
and during the settlement negotiations. Counsel spent time communicating with Mr. Leigh
during this period.

30.     Counsel also spent significant time and effort preparing various versions of the
Motions to Approve the Settlement in this case. This effort required extensive briefing. As the
Court is aware, this particular area of the law has evolved a great deal in recent years (1-2). As
more cases settle and receive judicial attention and those opinions are published the procedure to
review and approve the settlements change. The Court correctly required additional detailed
briefing to insure that the proper procedures were in place.

5.  Attending Court Hearings.

31.     There were only two hearings in this case, both related to approval of the settlement. The first on July 28, 2010 was telephonic. I attended the second one; the Hearing to Approve the Settlement in person on September 19, 2011 in Greenbelt, Maryland. I attended both hearings with Mr. Fredrickson as required by this Court's Local Rule.

6.  ADR-Settlement.

32.     The parties were able to resolve this case without the use of formal mediation or other ADR techniques. The parties conducted negotiations at arms-length over the phone and in person. The parties exchanged information and documents to support their settlement positions. Plaintiff's counsel spent significant time communicating with Mr. Leigh about the content of the settlement negotiations and his directions about settlement.

33.     Once the parties arrived at a settlement Plaintiff's Counsel had significant responsibilities related to execution and performance of the settlement. Plaintiff's Counsel negotiated and co-drafted the settlement documents with defense counsel. Plaintiff's Counsel communicated with Mr. Leigh and other interested parties concerning the progress of the settlement. Counsel communicated frequently with defense counsel over details related to drafting the settlement documents including: the settlement agreement, Motion to Approve Settlement with Exhibits, Memorandum to Approve Settlement, the proposed notice etc…

34.     Plaintiff's Counsel also responded to inquiries from the Court over legal issues and application of the settlement. As a result counsel spent a great deal of time and effort researching and drafting additional briefing for those issues.

35.     Once the notice went out counsel and his staff fielded telephone calls and other contact from potential opt-in plaintiffs who had questions about the details and operation of the

settlement.  My staff and I stood ready to respond quickly to any and all such inquiries.

36.     Counsel filed all of the Consent Forms with the Court and interfaced with defense counsel and the Claims Administrator over questions related to execution of the settlement documents.  On occasion the Claims Administrator had questions of all counsel which need to be resolved.

37.     James J. Webb, Esq. conducted significant research and drafting of Plaintiff's Second Supplemental Memorandum in Support of Plaintiff's Motion to Approve Settlement and assistance in preparation for the hearing for Settlement Approval on September 19, 2011.  Mr. Webb participated in this way because of the high quality of his research and writing skills and Mr. Barnes was occupied with other matters during that period.  Mr. Webb's efforts were not duplicative of any other professionals and his billing does not reflect any "getting up to speed" on the file.

7.  Fee Petition Preparation.

38.     Although not a fee "petition" Counsel, at the Court's direction, prepared this Revised Second Supplemental Memorandum in Support of Plaintiff's Supplemental Motion to Approve Settlement, Fourth Declaration of Alan G. Crone, and billing summary.  Preparing and drafting such documents are intrinsically time consuming in order for counsel to insure that such statements of billing are accurate and reasonable.  I took great care to insure that such efforts were coordinated to insure that no duplication of effort occurred.

The breakdown of the lodestar for Plaintiff's Counsel is:

1.  Case management,etc          37.90 hours

2.  Pleadings                    6.50 hours

3.  Case management - Discovery  9.75 hours

| | |
|---|---|
| 4.  Motions Practice | 63.50 hours |
| 5.  Attended Court Hearings | 12.0 hours |
| 6.  Settlement | 129.0 hours |
| 7.  Fee Petition | 27.00 hours |
| Total | 285.65 hours |

A detailed listing of all time billing records and expenses is attached to this Declaration as Exhibit A.  All billing professionals recorded their time in a computerized time billing software program as the services were performed.  I reviewed said records to eliminate any improper charges using reasonable billing judgment.  All legal billing set forth in said Exhibit was reasonably necessary to successfully prosecute this case and in the exercise of my professional judgment were necessary specifically to produce the outcome of this case.

39.     Plaintiff's counsel also incurred expenses in this litigation which should be included in the lodestar calculation.  Such expenses detailed in my declaration and attached thereto as Exhibit B were reasonably incurred during the course of the litigation and are of the type that are customarily charged by my firm and Mr. Fredrickson's firm to their fee paying clients.

| | |
|---|---|
| Legal Research Charge | $912.77 |
| Court Filing Fees | $400.00 |
| Service of Process | $ 80.00 |
| Copies | $243.41 |
| Long Distance | $22.32 |
| Postage w/FedEx fees | $95.42 (Postage alone are $12.18 & FedEx chgs are $83.24) |
| Travel expenses | $1,897.94 |
| **Total Expenses** | **$3,651.86** |

40.     I have personally reviewed the billing statements which support this report and I have personal knowledge of the foregoing.  I assert upon my personal knowledge that the billing

statements supporting the summary submitted are true and accurate copies of those statements

supporting the summary are true and accurate copies of those statements as they appear in the

books and records of Crone & Mason, PLC, Kramer + Crone, PLC, and Crone & McEvoy,

PLC.[1]

     41.     Therefore, the total time billing for this case is $71,623.75, expenses of

$3,651.86, for a total lodestar of $75,275.61.

     I declare, under penalty of perjury, that the preceding statements are true and correct.


Date:  October 1, 2011          /s/ Alan G. Crone

          Respectfully submitted,


          /s/ Alan G. Crone
          Alan G. Crone, TN Bar No. 014285
          CRONE & McEVOY, PLC
          5583 Murray Rd., Suite 120
          Memphis, TN 38119
          901.737.7740 (voice)
          901.737.7558 (fax)
          acrone@thecmfirm.com (email)

          John C. Fredrickson, Esquire
          Federal Bar No. 02566
          O'Malley, Miles, Nylen, & Gilmore, P.A.
          11785 Beltsville Drive, 10th Floor
          Calverton, MD  20705
          Phone: 301.572.1935
          Fax: 301.572.6655
          Email: jfredrickson@omng.com
          *Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing pleading was filed electronically and notice of such
filing was made electronically to Defendant's counsel pursuant to the Electronic Case Filing

---

[1] The attached billing records for Crone & Mason, PLC and Kramer + Crone, PLC were generated by their successor firms, specifically Crone & Mason, PLC = The Miles Mason  Family Law Practice Group and Kramer + Crone, PLC = Borod and Kramer, PLC.

Rules of the United States District Court for the District of Maryland Southern Division on October 1, 2011.

Richard S. Siegel
Sheppard Mullin Richter & Hampton, LLP
1300 I Street, NW, 11 th Floor East
Washington, D.C. 20005-3314

Guy N. Halgren
Samantha Hardy
Sheppard Mullin Richter & Hampton, LLP
501 W. Broadway, Suite 1900
San Diego, CA 92101-3598

s/ Alan G. Crone